**NOT YET SCHEDULED FOR ORAL ARGUMENT**

# United States Court of Appeals for the Second Circuit

No. 24-2026

VERMONT FEDERATION OF SPORTSMEN'S CLUBS, INC., et al.

*Appellant,*

v.

MATTHEW BIRMINGHAM, *et al.*,

*Appellees.*

*Appeal from the U.S. District Court for the District of Vermont*

**CONSENT MOTION FOR A STAY**

Matthew D. Hardin
HARDIN LAW OFFICE
1725 Eye Street NW, Suite 300
Washington, DC 20006
Phone: (202) 802-1948
Email: Matt@MatthewHardin.com

*Attorney for Appellants*

Brady C. Toensing
DiGenova & Toensing, LLP
1775 Eye Street NW, Suite 1150
Washington, DC 20006
Phone: (202) 289-7701
Email: brady@digtoe.com

*Attorneys for Appellants*

1

NOW COME the Appellants, by and through undersigned counsel, with the consent of the Appellees, and request that this appeal be stayed pending a resolution of two related appeals, previously identified in Form C: *Antonyuk v. James* (22-2908) and *Nat'l Assoc. for Gun Rights v. Lamont* (23-1162). In support of this Motion, Appellants state as follows:

1. The Appellants brought suit in the District Court to challenge the constitutionality of two Vermont statutes. The first prohibits the sale and importation of magazines with a capacity of greater than ten rounds for long guns or greater than 15 rounds for handguns. The second of those statutes imposes a *per se* 72-hour delay on the acquisition of firearms by otherwise-eligible purchasers.

2. The Vermont District Court denied Plaintiffs' Motion for a Preliminary Injunction, citing extensively to this Court's earlier opinion in *Antonyuk v. Chiumento*, 89 F.4th 271, 298 (2d Cir. 2023), *cert. granted, judgment vacated sub nom. Antonyuk v. James*, No. 23-910, 2024 WL 3259671 (U.S. July 2, 2024). The Vermont District Court expressly recognized that the Supreme Court had vacated this Court's earlier opinion in *Antonyuk* and that the *Antontyuk* case would be re-argued in light of *United States v. Rahimi*, 144 S. Ct. 1889 (2024), such that the earlier

2

*Antonyuk* decision was not "technically binding." ECF74 at 68, n. 27. *Antonyuk* continues to develop rapidly: yesterday, this Court received supplemental briefs following remand. *Antonyuk*, No. 22-2908, Doc. 441 (09/04/2024). It is unknown when this Court will ultimately resolve *Antonyuk* and clarify the continuing precedential value of the earlier, vacated opinion.

3. The Vermont District Court also cited extensively to the Connecticut District Court's opinion in *Nat'l Ass'n for Gun Rts. v. Lamont*, 685 F. Supp. 3d 63 (D. Conn. 2023). That case is fully briefed on appeal and now scheduled for oral argument before this Court on October 16, 2024. *Lamont* is a case involving a magazine ban that is substantively similar to the ban at issue in Vermont, and similar constitutional arguments. It is expected that a decision in *Lamont* will likely be issued in late 2024 or early 2025. Yet the opening brief in this appeal is due October 30, 2024, such that if the current schedule in this case is maintained, neither party will be able to benefit from the Court's guidance in *Lamont*.

4. As a result of the likelihood that *Lamont* will be resolved shortly after briefing in this case concludes, but not in time for the parties or this Court to benefit from it, and that *Antonyuk* is also expected

3

to be resolved in the coming months, Appellants request that this Court stay this case pending issuance of the opinions in *Lamont* and *Antonyuk*. Having conferred with opposing counsel, Appellants request, and are authorized to state that all parties consent to entry of, a stay that will expire 60 days after issuance of this Court's decision in *Lamont* or, if a petition for panel rehearing or rehearing *en banc* is filed in *Lamont*, 45 days after final disposition of any petition for rehearing.

5. The Vermont District Court has stayed further proceedings in this case so that trial will not proceed during the pendency of this appeal. ECF80.

6. This Court has recognized that it may be appropriate to stay one appeal while a related case is adjudicated. *Collier v. United States*, 989 F.3d 212, 213 (2d Cir. 2021) (decision held pending disposition of appeals presenting related questions and supplemental briefing), *Klein v. Qlik Techs., Inc.*, 906 F.3d 215, 219 (2d Cir. 2018) (stay pending resolution of a motion in a related case), *United States v. Garner*, Nos. 15-3454-cr (L), 21-472-cr (Con), 2022 U.S. App. LEXIS 16170, at *1 n.2 (2d Cir. June 13, 2022) (stay pending a resolution of two related cases), *United*

4

*States SEC v. Ahmed*, 72 F.4th 379, 392 (2d Cir. 2023) (holding case in abeyance pending Supreme Court guidance), *Olin Corp. v. Certain Underwriters at Lloyd's*, 468 F.3d 120, 122 n.1 (2d Cir. 2006) (lifting a stay that had issued in a related case).

7. This Court, like the District Court, possesses the "inherent" discretion "to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Louis Vuitton Malletier S.A. v. LY USA, Inc.*, 676 F.3d 83, 96 (2d Cir. 2012), *citing Clinton v. Jones*, 520 U.S. 681, 706-708, 117 S. Ct. 1636, 137 L. Ed. 2d 945 (1997)). The decision whether to grant a stay "calls for an exercise of judgment, which must weigh the competing interests and maintain an even balance." *Landis v. N. Am. Co.*, 299 U.S. 248, 254-55 (1936).

8. Appellants respectfully submit that a brief stay or extension of the schedule in this case will benefit both parties and also the Court. The parties will benefit from briefing this case based on anticipated binding guidance gleaned from this Court's views on substantively similar laws and very similar legal arguments raised by sister states. The Court will benefit from adjudicating this case in light of its own forthcoming precedent in *Lamont*, and perhaps

5

also *Antonyuk*, rather than in a precedential vacuum. Additionally, the Court will not face the need to allow for supplemental briefing or the filing of extensive notices of supplemental authority if this case is stayed pending a resolution of *Lamont*.

9. Appellants recognize that extensions of time are ordinarily disfavored pursuant to Local Rule 27.1 (f). However, Appellants respectfully submit that the instant Motion for a Stay is consistent with the general practice of this Court in similar cases. See, e.g., *Collier,* 989 F.3d at 213, *Klein*, 906 F.3d at 219, *Ahmed*, 72 F.4th at 392, and *Olin Corp.*, 468 F.3d at 122 n.1 (2d Cir. 2006). Moreover, Appellants also submit that a stay is appropriate under Local Rule 27.1 (f) because the *Antonyuk* case was re-briefed on appeal only yesterday, and this Motion was filed shortly thereafter. Additionally, Appellants flagged the issue of whether a motion would be needed in light of the related cases in their August 12, 2024 scheduling letter with reference to this case.

10. Appellants sent Appellees' counsel a request for their position on this motion pursuant to Local Rule 27.1 (b). They have consented to the relief sought. Appellees also consented to the District Court's stay of further proceedings, and there will be no

6

prejudice to any party if this motion is granted. Conversely, a stay will benefit all parties by allowing the efficient and effective presentation of this case involving rapidly developing legal issues.

Respectfully submitted this the 6th day of September 2024,


Respectfully submitted,

| HARDIN LAW OFFICE | DIGENOVA & TOENSING, LLP |
|---|---|
| By: /s/ *Matthew D. Hardin* | By: /s/ *Brady C. Toensing* |
| Matthew D. Hardin | Brady C. Toensing |
| 1725 Eye Street NW, Suite 300 | 1775 Eye Street NW, Suite 1150 |
| Washington, DC 20006 | Washington, DC 20006 |
| Phone: (202) 802-1948 | Phone: (202) 289-7701 |
| Email: Matt@MatthewHardin.com | Email: brady@digtoe.com |
| *Attorney for Plaintiff* | *Attorneys for Plaintiff* |

## CERTIFICATE UNDER CIRCUIT RULE 29 (b)

Pursuant to Circuit Rule 27.1 (d), undersigned counsel certifies that the Appellees consent to this motion.

/s/ Matthew Hardin
Matthew Hardin

7

## DISCLOSURE STATEMENT

Undersigned counsel certifies pursuant to Fed. R. App. 26.1 that the Vermont Federation of Sportsmen's Clubs, Inc. is a nonprofit corporation and issues no stock. It has no parent corporation. All subsidiary corporations are also nonprofit sportsmen's clubs in Vermont, none of which issue stock. Powderhorn Outdoor Sports Center, Inc. is a Vermont Corporation solely owned by William Cleary, and has no publicly traded stock. JPC, Inc. is a Vermont Corporation solely owned by John Cioffi, Jr., and has no publicly traded stock. All other parties to this action are natural persons.

/s/ Matthew Hardin
Matthew Hardin

## CERTIFICATE OF COMPLIANCE

Undersigned counsel certifies that:

1. This document complies with the type-volume limit of Fed. R. App. P. 27 (d) because, excluding the parts of the document exempted by the rules, this document contains 1099 words, and

2. This document complies with the typeface requirements and the type-style requirements because this document has been prepared in a proportionally spaced typeface using Microsoft Word in 14-point Georgia font.

/s/ Matthew Hardin
Matthew Hardin
